IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

RECEIVED
MAR 1 7 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Mark Daniel Nason, )
    Plaintiff, )
)
vs. )
)
Craig Turnbull, et al., )
    Defendants. )
)
_____ ) Case No. A04-169 CV (TMB)

**REBUTTAL TO OPPOSITION FOR SUMMARY JUDGEMENT**

    Plaintiff wishes to submit a brief reply to the Defendants previous motion.,
The Defendants council of record, (Ms.Kamm) neglected to include any exhibits with her allegations of Plaintiffs past behavior.
Once agian,. The Plaintiff would like to inform Ms.Kamm that the case currently before the bar is a Constitutional complaint of misconduct on the part of the Defendants.
Not an opportunity to slander and sling mud at the Plaintiff in an attempt to somehow justify or negate their actions.
The Plaintiff once again finds himself in the position of being forced to defend his past behavior.
In the interests of saving time I shall keep this brief.
In 1993 Cynthia Dunn., A corrections Officer, quit her job and married the Plaintiff. The Department of Corrections understandably, did not like this developement.
The Plaintiff was transfered from F.C.C. to S.C.C.C. and placed into segregation, about two weeks later he was served numerous infraction reports for alleged misconduct from F.C.C.
Plaintiff was given a telephonic hearing.
Plaintiff was refused an advocate.
Plaintiff was refused the right to view evidence.
Plaintiff was refused the right to call the authors of the reports and confront them.

1

Plaintiff was found guilty and given over a year in punitive segregation. Plaintiff appealed.
The Director of institutions ordered F.C.C. to hold another hearing., They did. With the same exact rights violations and the same exact sanctions. The Plaintiff and his wife were able to visit one time per week for one hour (due to distance) and it was a secure visit due to the punitive status.
Plaintiff was unable to access the telephone for personal calls due to the punitive status.
Those are the facts, The Court can draw its own conclusions...

Now to focus on the issues that actually apply to this case.,

Ms. Kamm makes an issue of John Bright being housed at C.I.P.T. during the time frame that Plaintiff was placed into the contaminated cell. Plaintiff does not dispute this.
Plaintiff has never suggested to this Court that Mr.Bright is an actual witness to the event.
Plaintiff did attempt to secure an affidavit from mr.Bright on the subject of "Punitive cell relocations" as Mr.Bright has been a long term resident of house one and as such is very familiar with the practice.
Plaintiff also submitted to this Court the Fact that the affidavit was seized by Officer Pat.
Plaintiff would respectfully submit to this Court that both issues are indeed relevant.
Ms.Kamm makes an issue out of the fact that the Plaintiff did not take a shower for two cosecutive days after the placement into the contaminated cell.
Plaintiff would submit to this Court that Charlie modules' shower is a very gross enviornment the majority of the time.
Plaintiff would also assure Ms.Kamm that he practices good hygene and bathes daily in his cell. (He even brushes his teeth).

2

In closing the Plaintiff would submit that the exibit that was presented to this Court that involved another inmate in possession of destroyed state clothing is also relvant.
The Plaintiff is willing to concede one point however., The reason discovery was not provided was not security concerns as previously presented., It was in fact the claim that it would be too time consuming to research other prisoners files and also a violation of their privacy.

                                        Further Sayeth Naught.

                                        Mark Daniel Nason

                                        */s/ Mark Nason*

I certify that on March 15th 2006 q true and correct copy was mailed to Marilyn J.Kamm at Dept. Of Law., P.O.Box 110300 Juneau Alaska 99811.

                                        */s/ Mark Nason*