IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

MARK DANIEL NASON,

       Plaintiff,

vs.

CRAIG TURNBULL, et al.,[1]

       Defendants.

Case No. 3:04-cv-00169-TMB

ORDER REGARDING
VOLUNTEER COUNSEL

      Mark Daniel Nason, a self-represented prisoner/plaintiff in this civil rights case, has filed an application for appointment of counsel, and no objection has been filed.[2] Although there is a right to counsel at public expense in criminal cases, that right does not extend to civil cases. The Court may not compel an attorney to assist an indigent litigant without pay.[3] In addition, the Court has no funds to pay attorneys in

---

    [1] Superintendent Turnbull is not named as a party in Mr. Nason's only remaining claim, that of retaliation. *See* Docket No. 54.

    [2] *See* Docket No. 82.

    [3] *See Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989).

civil cases.  The Court may, however, request that a private attorney represent an indigent litigant.[4]

The Ninth Circuit Court of Appeals, following the United States Supreme Court, has explained that the exercise of that discretion is guided by several factors: The Court must determine that the plaintiff (1) cannot afford counsel; (2) has made reasonable attempts to find counsel without success; and (3) has at least a possibility of success on the merits.[5]  Finally, the Court must determine whether the claim is so factually and legally complex that the plaintiff needs counsel to articulate his or her claims.[6]

Generally, where an indigent party brings an arguably meritorious action, the action is complicated, and the party requests counsel, the Court will refer the matter to Alaska Pro Bono Program, Inc.  The agreement with the Pro Bono Program requires that the Court pre-screen complaints to ensure that the Court has jurisdiction and that the complaint at least states a cause of action.[7]  With this in mind, the Court has reviewed Mr. Nason's pleadings.  In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings

---

[4] *See Mallard*, 490 U.S. at 301-02.

[5] *See Bounds v. Smith*, 430 U.S. 817 (1977); *Ivey v. Board of Regents Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

[6] *See Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991).

[7] *See also* 28 U.S.C. § 1915(e)(2)(B).

2                                                    COUNSEL

and give the plaintiff the benefit of any doubt.[8]  Having reviewed the materials filed by Mr. Nason in this action, and noting that Mr. Nason's action has survived defendant's motion for summary judgment,[9] the Court concludes that Mr. Nason arguably alleges a meritorious cause of action, in which counsel would be helpful. Therefore, the Court will refer the matter to the Pro Bono Program.[10]

**IT IS HEREBY ORDERED:**

1.    Mr. Nason's application for assistance in securing counsel, at docket number 82, is GRANTED; and

2.    The Clerk of Court shall send copies of the docket and record to Kara Nyquist and Erick Cordero, Alaska Pro Bono Program, Inc., P.O. Box 140191, Anchorage, Alaska 99514-0191.  Ms. Nyquist and Mr. Cordero are requested to find a volunteer attorney to represent Mr. Nason, and to notify the Court and Mr. Nason when, and if, counsel is secured.

DATED this 10th day of October, 2006,  at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[8]   *See Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999); *Ortez v. Washington County*, 88 F.3d 804, 807 (9th Cir. 1996).

[9]   *See* Docket No. 81.

[10]   Although the Pro Bono Program will make a reasonable attempt to find a volunteer attorney, there is <u>no guarantee</u> of counsel through the Program.

3                                          COUNSEL