IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK DANIEL NASON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CRAIG TURNBULL, et. al,<br><br>　　　　Defendants. | Case No. 3:04-cv-00169-TMB<br><br>ORDER REGARDING COUNSEL |

　　　　Mark Daniel Nason, a self-represented prisoner, proceeding without prepayment of fees, filed a civil rights complaint alleging, in effect, that he was inhumanely treated by the defendant, who deprived him of clothing and linen, in

retaliation for exercising his constitutional rights.[1] Mr. Nason has also filed a second application for appointment of counsel.[2]

After reviewing the documents filed in this case, the Court concluded that Mr. Nason is an indigent litigant who arguably alleged a meritorious cause of action in which counsel would be helpful, and referred the matter to Alaska Pro Bono Program, Inc (APBP).[3] The Court warned, however, that there is no constitutional right to counsel at public expense in civil cases.[4] The Court may not compel an attorney to assist an indigent litigant without pay, but may only <u>request</u> that a private attorney represent an indigent civil litigant.[5] There are no guarantees. The Court

---

[1] *See* Docket Nos. 1, 2, 3, 28 (amended); *see also Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005) ("Rhodes alleges that [the officials] (1) arbitrarily confiscated, withheld, and eventually destroyed his property, threatened to transfer him to another correctional institution, and ultimately assaulted him, (2) because he (3) exercised his First Amendment rights to file prison grievances and otherwise seek access to the legal process, and that (4) beyond imposing those tangible harms, the guards' actions chilled his First Amendment rights and (5) were not undertaken to advance legitimate penological purposes. Rhodes's First Amended Complaint is, in short, the very archetype of a cognizable First Amendment retaliation claim."); *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) ("It is clear, and Bruce concedes, that prisons have a legitimate penological interest in stopping prison gang activity.... But, if, in fact, the defendants abused the gang validation procedure as a cover or a ruse to silence and punish Bruce because he filed grievances, they cannot assert that Bruce's validation served a valid penological purpose, even though he may have *arguably* ended up where he belonged.") (citations omitted); *Gomez v. Vernon*, 255 F.3d 1118 (9th Cir. 2001) ("repeated threats of transfer" violated the plaintiff's constitutional rights, the court noting that "a retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment rights," citing *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997)).

[2] See Docket No. 82.

[3] *See* Docket No. 83.

[4] See id. at 1-2.

[5] *See Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989).

has now received notice that the APBP is unable to secure a voluntary lawyer to represent Mr. Nason in this action. This Court has no other source of volunteer attorneys. Mr. Nason must, therefore, either find an attorney willing to represent him,[6] or represent himself in this action.

**IT IS HEREBY ORDERED:**

Mr. Nason shall represent himself in this action, and shall promptly inform the court if he secures counsel on his own.

DATED this 3rd day of April, 2007, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[6] Mr. Nason may wish to contact the Alaska Bar Association's Lawyer Referral Service, at (800) 770-9999, for assistance in securing counsel, and an initial 1/2 hour, $50.00 consultation.