UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| MARK DANIEL NASON | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:04-cv-169 TMB |
| | ) | |
| vs. | ) | <u>O R D E R</u> |
| | ) | |
| CRAIG TURNBULL | ) | Request for Settlement Conference |
| | ) | |
| Defendant. | ) | |

One or more of the parties to this case have requested a settlement conference. In preparation for the scheduling of a settlement conference before the Honorable Deborah M. Smith, each party shall on or before **November 1, 2007,** lodge with the chambers of Magistrate Judge Smith, under seal, a settlement conference memorandum in conformity with the attached appendix. The parties are instructed to lodge **only** the original memorandum with the settlement conference judge. The settlement conference judge will undertake a preliminary review of the settlement conference memoranda. A settlement conference will be scheduled only if, on the basis of these memoranda, it appears that there is a reason to believe that, with the assistance of the court, a settlement of the case can be negotiated.[1]

---

[1] The court has experienced many failed settlement conferences. These failures appear by and large to be attributable to unrealistic case evaluation by counsel. Efforts to settle cases where the parties are likely far apart in their evaluation of the case almost always fail. The court does not intend to conduct settlement conferences in cases where, based upon positions taken in the settlement conference memoranda, it appears that one or both parties have taken an unrealistic position. At the time of lodging a settlement conference memorandum, counsel simply must make a full disclosure of their best evaluation of the potential outcome of the case

A party's settlement memorandum may not be disclosed to anyone without the party's consent and is not admissible in evidence.

At any conference resulting from this order, all counsel shall appear with full authority to settle all issues of this litigation; and, if such is impossible to obtain, the parties shall have their clients, with full settlement authority, available in person or by telephone at the time of the settlement conference.

**IT IS FURTHER ORDERED**:

1. That no later than seven days prior to the settlement conference date, counsel confer with each other and their clients regarding the status of possible settlement;

2. Good faith negotiations, either in person or by electronic media, are expected to occur at this time;

3. If no settlement is achieved, counsel will be expected to report to the settlement judge at time of the conference the status of negotiations;

4. As provided in paragraph 1, it is expected that plaintiff's counsel will initiate the settlement negotiations;

5. The court will not consider plaintiff's initiation of negotiations as an indication of weakness in the plaintiff's position.

DATED at Anchorage, Alaska, this 1st day of October, 2007.

                                                  s/ Timothy M. Burgess
                                                  TIMOTHY M. BURGESS
                                                  UNITED STATES DISTRICT COURT

---

and what they are willing to take to settle it.  All of the strengths and weaknesses of one's case must be discussed in the parties' settlement conference memoranda and be given appropriate effect in one's settlement position as to the worth of the case.

## APPENDIX

(1) Each party shall lodge, under seal, with the Chambers of Judge Smith, a brief informal statement of his client's position regarding settlement. The strengths and weaknesses of one's position must be candidly disclosed and appraised.

(2) The statement required by paragraph (1) may not exceed twenty (20) pages (including attachments), double spaced on standard 8-1/2" x 11" paper.

(3) If plaintiff seeks monetary damages, a specific present reasonable dollar figure requested by plaintiff must be set forth. If plaintiff is unable to set forth such figure, the purpose of which is to aid the settlement judge in evaluating the case, a convincing statement must be included, stating the reasons that no such figure can be included.

(4) Defendant must set forth its present reasonable dollar figure offer. Likewise, if defendant is unable to set forth such figure, the purpose of which is to aid the settlement judge in evaluating the case, a convincing statement must be included, stating the reasons no such figure can be included.